UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AFSHIN ANTONIO HASANKHANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01414-SEB-MJD |
| ) | |
| JOHNSON CONTROLS, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**HON. MAGISTRATE JUDGE MARK DINSMORE**

This matter came before the Court for a hearing on an Order to Show Cause on Monday, November 16, 2015 at 4:00 p.m. Plaintiff Afshin Antonio Hasankhani failed to appear. This hearing was on an Order to Show Cause issued to Mr. Hasankhani for his failure to attend a hearing that was scheduled for October 21, 2015. Mr. Hasankhani's history is as follows.

**RELEVANT CASE HISTORY**

On October 3, 2015, Counsel for Plaintiff, filed a motion to withdraw as counsel, due to irreconcilable differences between the Plaintiff and his counsel [Dkt. 5] The Court scheduled a hearing on the Motion for October 21, 2015 at 9:30 a.m. and ordered Mr. Hasankhani to personally appear. [Dkt. 6.]    That order required Mr. Hasankhani's counsel to serve the order on Mr. Hasankhani and to file proof of such service, which counsel did on October 6, 2015 [Dkt. 7].

Counsel for Mr. Hasankhani appeared and the Court heard additional explanation on the basis for the motion to withdraw. Afshin Antonio Hasankhani failed to attend the October 21, 2015 hearing and the Court granted his counsel's motion to withdraw. [Dkt. 9 and 10.]  Docket

9 set this matter for hearing and ordered Mr. Hasankhani to appear and show cause why he should not be sanctioned for failure to appear for the October 21, 2015 hearing as ordered. The Court served this order via U.S. Mail and via email to Mr. Hasankhani. It should further be noted that Defendant has not been served in this matter. Plaintiff was also reminded that "pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, this case is subject to dismissal if Defendant has not been served with a Summons and a copy of the Complaint within 120 days after the Complaint is filed, which deadline is **January 4, 2016**. As a *pro se* litigant, Plaintiff personally bears the responsibility to ensure that the Defendant has been timely served." [Dkt. 9.]

At the Order to Show Cause hearing on October 21, 2015, Mr. Hasankhani again failed to appear.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…." Fed. R. Civ. P. 41(b). In addition, the Court has the inherent power to sanction conduct that abuses the judicial process, and such power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993). "Pursuant to this power, a court may impose the severe sanction of dismissal with prejudice…if the circumstances so warrant." *Id.*

Even though Mr. Hasankhani is *pro se*, such is no excuse for him not to comply with court orders, including orders to appear for in-person hearings. While *pro se* litigants benefit from various procedural protections not otherwise afforded to attorney-represented litigants, "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders." *Downs v. Westphal*, 78 F.3d 1252, 1256 (7th Cir. 1996).

As the record shows, Mr. Hasankhani has twice failed to appear before the Court as ordered.  After his first such failure, Mr. Hasankhani was provided an opportunity to correct his behavior and comply with the Court's order, and was advised in writing that his failure to attend scheduled conferences could result in the dismissal of his case.  Nevertheless, Mr. Hasankhani failed to appear to participate in either hearing.   Therefore, I, *sua sponte*, recommend that the sanction of dismissal without prejudice be imposed in this case due to Mr. Hasankhani's repeated failure to comply with Court orders and participate in Court ordered conferences and to otherwise participate in the prosecution of this case.

## CONCLUSION

For the reasons stated above, the Magistrate Judge, *sua sponte*, recommends that Plaintiff Afshin Antonio Hasankhani claims in this matter be **DISMISSED WITHOUT PREJUDICE**.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and failure to file timely objections within the fourteen days after service of this Report and Recommendation shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  17 NOV 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

AFSHIN ANTONIO HASANKHANI
5682 West Port Drive
McCordsville, IN 46055